IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-36-BO-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ARMON LEROI MATTOX, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Fayetteville Police Department on a task force of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

### Background

Defendant was indicted on 16 February 2011 for possession of a firearm by a convicted felon on or about 1 August 2010, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from an attempted home invasion by defendant. According to statements from the two women and one man in the home at the time, defendant approached the residence displaying a handgun while the two women were on the front porch. Defendant pointed the handgun at one woman while ordering both to enter the house. The one

woman went into the house, but the other, Barbara Bunnell, stumbled. While she tried to get up, the other woman fled out the back door to a neighbor's home. Defendant proceeded toward a back bedroom. The man who was there shot defendant with a shotgun as defendant, still carrying the pistol, entered the doorway. The man shot defendant again as he tried to leave out the front door. Defendant was hospitalized for several weeks and continues to have physical problems relating to the shooting.

Police recovered from the premises the pistol defendant had. It was a 9 millimeter handgun loaded with 11 rounds.

In a statement to police, defendant admitted his role in the home invasion. He said that Bunnell and a third person, Kendall Wortham, were part of a conspiracy to rob the home. Bunnell was apparently speaking to Wortham on a cellular telephone telling him when the two women were on the porch and thereby when Wortham should drop off defendant to commit the robbery. Bunnell had apparently told the third person and defendant that rent money and possibly marijuana and prescription drugs were in the home.

At the time of the alleged offense, defendant had been convicted of multiple felonies. An interstate nexus check showed that the pistol and ammunition had traveled in interstate commerce.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent and gun-related nature of the offense charged; the circumstances of the offense charged, including defendant's brandishing a loaded firearm, his invasion of a home, the well-planned nature of the offense, use of deception to effect the offense (*i.e.*, using Bunnell to facilitate the crime), commission of the alleged offense four months after

2

defendant's release from custody for a state probation violation, and the relative recency of the offense; defendant's criminal record, including four felony convictions, two misdemeanor convictions, revocation of probation both times defendant has been placed on it, defendant's violation of probation in one case by absconding to the District of Columbia and living there for two and half years, and two failures to appear; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant's prior felony convictions are admittedly old (from 2001), they are all for burglary-related offenses and the instant offense shows a continuation and escalation of theft-related activity.

Defendant pointed to the fact that he turned himself in after having absconded to the District of Columbia. But, as indicated, he stayed away for over two years. The crime there was a state misdemeanor. This pattern of conduct provides the court small comfort that defendant would appear as required if released on the federal felony charge he now faces.

The fact that defendant turned himself in on the instant charges does not lead to a different conclusion. After all, defendant appeared to enter his guilty plea in the state misdemeanor case discussed before he absconded.

Defendant sought to portray himself as having been manipulated by Wortham and Bunnell. While the court does not find that contention convincing, even if it were, a person who is so susceptible to carrying out violent, gun-related crimes represents a serious danger to the community.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the

3

extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of February 2011.

James E. Gates
United States Magistrate Judge